UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

GAYMAR INDUSTRIES, INC.,

                Plaintiff,

v.                                   **ORDER**
                                           08-CV-299S

CINCINNATI SUB-ZERO PRODUCTS, INC. and
INNERCOOL THERAPIES, INC.,

                <u>Defendants.</u>

      1.     Presently before this Court are the parties' discovery-related motions: Defendant Cincinnati Sub-Zero's expedited Motion for Protective Order and Plaintiff Gaymar Industries's Cross Motion to Compel. At issue is whether Gaymar is entitled to certain discovery related to its Motion for Preliminary Injunction and Cincinnati Sub-Zero's opposition thereto.

      2.     On July 15, 2008, Gaymar filed a Motion for Preliminary Injunction. (Docket No. 3.) This Court conducted an expedited status conference on July 21, 2008, at which time all counsel appeared and were heard. Among other things, it was concluded that Cincinnati Sub-Zero would need to take deposition testimony and conduct other discovery to meaningfully oppose Gaymar's request for injunctive relief. It was also discussed that Gaymar may need additional discovery if Cincinnati Sub-Zero raised certain issues — such as patent validity and obviousness — in its opposition papers. (Transcript of July 21, 2008 Proceedings, Docket 23, p. 17-19.)

      3.     On October 17, 2008, Cincinnati Sub-Zero filed a Motion for Protective Order and a Motion to Expedite. (Docket Nos. 46, 48.) This Court granted the Motion to Expedite and directed Gaymar to respond to the Motion for Protective Order by October

24, 2008. (Docket No. 52.) On that date, Gaymar filed a Cross Motion to Compel in response to Cincinnati Sub-Zero's Motion for Protective Order. (Docket No. 55.) This Court assumes the parties' familiarity with the arguments and issues raised in the respective motions and will therefore not restate them.

4. Cincinnati Sub-Zero seeks a Protective Order precluding Gaymar from taking two of its noticed depositions, and limiting the scope of two others. Gaymar has noticed the depositions of Daniel Koewler, Steven Berke, Richard Killworth, and CSZ, to take place between October 28 and November 4, 2008. Cincinnati Sub-Zero objects to the depositions of Koewler and CSZ as beyond the scope of Cincinnati Sub-Zero's opposition papers, and argues that the depositions of Berke and Killworth should be limited to issues that were raised in their affidavits submitted in opposition to Gaymar's Motion for Preliminary Injunction. In short, Cincinnati Sub-Zero takes a narrow view of the scope of discovery that is relevant at this stage, seeking to limit it to only issues raised in Berke and Killworth's opposition affidavits.

5. Gaymar opposes Cincinnati Sub-Zero's request for a Protective Order and seeks an Order compelling the noticed depositions without the restrictions requested by Cincinnati Sub-Zero. It maintains that the depositions it has noticed are necessary and relevant to its request for entry of a Preliminary Injunction and will address issues raised in Cincinnati Sub-Zero's opposition papers. Gaymar further seeks an extension of its deadline to file a reply in further support of its Motion for Preliminary Injunction.

6. Having reviewed the motion papers and the transcript of the July 21, 2008 status conference, this Court finds that the depositions Gaymar has noticed are relevant to the issues before this Court and are therefore permissible. The possibility that Gaymar

would need to conduct discovery at this stage, particularly on the issues of patent validity and obviousness, was discussed and contemplated on July 21, 2008, without objection from Cincinnati Sub-Zero. This Court finds no cause to now limit the scope of the depositions as Cincinnati Sub-Zero requests. The four depositions shall go forward as noticed and may explore all issues fairly raised by Gaymar's Motion for Preliminary Injunction, as well as Cincinnati Sub-Zero's opposition thereto, including patent validity, infringement, and obviousness.

7.   Accordingly, for the reasons stated above, Cincinnati Sub-Zero's Motion for Protective Order is denied and Gaymar's Cross Motion to Compel is granted.


IT HEREBY IS ORDERED, that Cincinnati Sub-Zero's Motion for Protective Order (Docket No. 46) is DENIED.

FURTHER, that Gaymar's Cross Motion to Compel (Docket No. 55) is GRANTED.

FURTHER, that Gaymar's time in which to file a reply in further support of its Motion for Preliminary Injunction (Docket No. 3) is EXTENDED to November 7, 2008.

FURTHER, that each party shall bear its own costs.

SO ORDERED.


Dated:   October 27, 2008
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge