UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GAYMAR INDUSTRIES, INC.,

         Plaintiff,

v.

CINCINNATI SUB-ZERO PRODUCTS
INC., and INNERCOOL therapies, Inc.,

         Defendants.

_____

**DECISION AND ORDER**

08-CV-00299(S)(M)

        This case was referred to me by Hon. William M. Skretny for supervision of pretrial proceedings [124].[1] Before me is the renewed motion by defendant Cincinnati Sub-Zero Products Inc. ("CSZ") to compel production of documents from plaintiff Gaymar Industries, Inc. ("Gaymar") [121]. At oral argument of the motion on March 19, 2012, the parties agreed to resolve the motion as follows:

        1) In response to requests 2 and 15 of CSZ's First Request for Production of Documents, Gaymar will search for and produce (or identify on its privilege log) the following alleged items of prior art and documents referring to same: the Medi-Therm II Operations Manual (referred to in CSZ's Second Amended Answer [120], ¶21), the Caruso Article (id., ¶26), the 1993 AACN Manual (id., ¶30), the Hubbard Article (id., ¶35), the Stewart Letter (id., ¶40), the Clifton '204 Patent (id., ¶45), and the Sarns Manual.

        2) In response to request 11 of CSZ's First Request for Production of Documents, Gaymar will search for and produce responsive documents (or identify them on its privilege log),

---

[1]     Bracketed references are to the CM/ECF docket entries.

including the Sarns Manual, without waiving potential claims of privilege as to how the manual was received, or as to documents that accompanied the manual.

3) Since Gaymar has confirmed that at this time it has not asserted an "advice of counsel" defense to CSZ's claim for attorney's fees, it may continue to assert attorney-client and work-product privilege. If it subsequently elects to assert this defense (by a deadline to be determined, in advance of any depositions), the parties reserve their rights to argue whether the privilege has thereby been waived, and for what period.

4) Gaymar make take limited paper discovery as to the basis for CSZ's claims before deciding whether to assert an "advice of counsel" defense.

5) The parties have requested that I conduct a mediation before discovery proceeds, and agree that I need not recuse myself from further proceedings if the mediation is unsuccessful. Accordingly, by March 23, 2012 they shall provide my chambers with a list of suggested dates for the mediation. Once a date is selected, I will issue a separate order concerning deadlines for mediation submissions.

6) Pending completion of the mediation, the deadlines discussed during yesterday's proceeding (for Gaymar's document production and decision as to whether to assert an "advice of counsel" defense), as well as the deadlines set forth in Judge Skretny's January 19, 2012 Decision and Order ([119], pp. 17-18), will be held in abeyance.

**SO ORDERED.**

Dated: March 20, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge