UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GAYMAR INDUSTRIES, INC.,

                      Plaintiff,

v.

CINCINNATI SUB-ZERO PRODUCTS,
INC., and INNERCOOL Therapies, Inc.,

                      Defendants.
_____

**REPORT AND RECOMMENDATION**

08-CV-00299(S)(M)

        Familiarity with the lengthy procedural history of this case is presumed. In connection with its pending motion [186][1] seeking reconsideration of this court's denial of its motion for attorneys' fees as an "exceptional case" pursuant to 35 U.S.C. §285 [158], defendant Cincinnati Sub-Zero Products, Inc. ("CSZ") has moved [198] to submit additional case authority, namely Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S.Ct. 1749 (2014) and Highmark, Inc. v. Allcare Health Mangement System, Inc., 134 S.Ct. 1744 (2014), both decided on April 29, 2014.

        Octane Fitness criticized as "overly rigid" (134 S.Ct. at 1756) the standard for an award of attorney's fees under §285 which was previously promulgated by the Federal Circuit in Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc., 393 F.3d 1378 (Fed. Cir. 2005). "Under the standard crafted in Brooks Furniture, a case is 'exceptional' only if a district court either finds litigation-related misconduct of an independently sanctionable magnitude or determines that the litigation was both 'brought in subjective bad faith' and 'objectively baseless'

---

[1]    Bracketed references are to CM/ECF docket entries.

(citation omitted). This formulation superimposes an inflexible framework onto statutory text that is inherently flexible." Octane Fitness, 134 S.Ct. at 1756.

Rejecting the Brooks Furniture standard, the Court held in Octane Fitness that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances . . . . There is no precise rule or formula for making these determinations." 134 S.Ct. at 1756; Highmark, 134 S.Ct. at 1748. The Court also rejected the Federal Circuit's requirement that an "exceptional case" be proven by clear and convincing evidence, reasoning that "patent-infringement litigation has always been governed by a preponderance of the evidence standard". Octane Fitness, 134 S.Ct. at 1758.

In granting CSZ's motion to submit this supplemental authority, I asked the parties to address whether Octane Fitness and Highmark "preclude consideration of CSZ's litigation conduct (or misconduct) in determining whether attorneys' fees should be awarded" [200]. Having considered the parties' supplemental submissions [198, 205, 206, 207, 208], I recommend that CSZ's motion for reconsideration be denied.


**ANALYSIS**

CSZ argues that since Octane Fitness "changed the applicable test [for an 'exceptional case'] and also changed the standard of proof for applying the test, the court must now consider and apply the new test and the new standard in deciding CSZ's currently pending

-2-

Motion for Reconsideration". Burger Declaration [198-1], ¶4. However, in order to grant a motion for reconsideration, "the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result". Mendez v. Radec Corp., 411 F. Supp.2d 347, 350 (W.D.N.Y. 2006) (Larimer, J.). In my view, neither Octane Fitness nor Highmark mandate a result different from that previously reached by this court.

**A.     Attorneys' Fees Are Not Mandatory Even for an "Exceptional Case".**

Octane Fitness and Highmark deal solely with the standard for determining whether a case can be considered "exceptional" under 35 U.S.C. §285. They do not change the long-standing rule that "[e]ven for an exceptional case, the decision to award attorney fees . . . [is] within the district court's sound discretion." Brooks Furniture, 393 F.3d at 1382; Gabriel Technologies Corp. v. Qualcomm Inc., 2014 WL 1013125, *3 (Fed.Cir. 2014) (unpublished opinion).

"Even an exceptional case does not require in all circumstances the award of attorney fees." S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed.Cir. 1986). *See also* Superior Fireplace Co. v. Majestic Products Co., 270 F.3d 1358, 1378 (Fed. Cir. 2001) ("A finding that this case was exceptional would not . . . of course, end the inquiry. The subsequent decision to award attorney fees, *vel non*, is discretionary and permits the judge to weigh intangible as well as tangible factors . . . [including] litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice"); S.C. Johnson, 781 F.2d at 201 ("The trial judge is in the best position to weigh considerations such as the closeness of the

case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser").

With regard to closeness of the case, I noted that "CSZ's failure to move for summary judgment suggests that this case was closer than CSZ would now have this court believe" (Report, Recommendation and Order [171], p. 25). Moreover, while I found that Gaymar's handling of this case was not blameless (id., pp. 22-23), I likewise detailed numerous instances of litigation misconduct by CSZ (id., pp. 25-27), and concluded that I "would not recommend an award of attorney's fees even if the case was exceptional" (id., p. 24). *See*, *e.g.*, Wi-Lan Inc. v. LG Electronics, Inc., 2013 WL 2322483, *12 (S.D.N.Y. 2013) (recommending that fees be denied where "both parties engaged in conduct that should not have occurred"). After considering the parties' objections, Judge Skretny adopted that Report, Recommendation and Order "in is entirety, including the authorities cited and the reasons given therein". [183].

Therefore, irrespective of whether this is an "exceptional case", CSZ was not entitled to an award of attorney's fees. However, for the following reasons I do not believe this is an "exceptional case" even under the standard enunciated in Octane Fitness and Highmark.

**B.     Neither Octane Fitness nor Highmark Renders This an "Exceptional Case".**

"[E]ven after Octane Fitness . . . the standard for finding a case exceptional befits its definition - 'uncommon,' 'rare,' or 'not ordinary.'" Intellect Wireless, Inc. v. Sharp Corporation, 2014 WL 2443871, *5 (N.D.Ill. 2014). In my view, this case does not fit that definition.

While CSZ admits that the court "is free to consider . . . the conduct of both parties" in determining whether this is an "exceptional case" (CSZ's Supplemental Memorandum of Law [205], p. 23), it argues that the court should "primarily focus its inquiry on an objective assessment of the substantive merits of Gaymar's position, and . . . that consideration should be given the most weight". Id.

I disagree. "[T]he determination whether a case is 'exceptional' under §285 is a matter of discretion" (Highmark, 134 S.Ct. at 1748), and CSZ admits that "such discretion must be exercised consistent with traditional principles of equity". CSZ's Supplemental Memorandum of Law [205], p. 21. One of the "traditional principles of equity" is that "he who comes into equity must come with clean hands". Precision Instrument Mfg. Co. v. Automotive Maintenance Machine Co., 324 U.S. 806, 814 (1945). "This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant." Id. at 815. "'[U]nclean hands' really just means that . . . the plaintiff's fault, like the defendant's, may be relevant to the question of what if any remedy the plaintiff is entitled to." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 127 (2d Cir. 2009).[2]

"[A]s a matter of the sound administration of justice, the district court is better positioned to decide whether a case is exceptional . . . because it lives with the case over a prolonged period of time". Highmark, 134 S.Ct. at 1748. Given CSZ's own litigation misconduct (Report, Recommendation and Order [171], pp. 25-27), it does not have "clean hands" sufficient to render this an "exceptional case".

---

[2]   While in this case it is the defendant CSZ who seeks relief, the same considerations apply.

## CONCLUSION

For these reasons, I recommend that CSZ's motion for reconsideration [186] be denied. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by July 21, 2014 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 3, 2014

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge